ACCEPTED
07-15-00012-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/10/2015 3:14:31 PM
Vivian Long, Clerk

NO. 07-15-00012-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/10/2015 3:14:31 PM
VIVIAN LONG
CLERK

MARK HOFF

V.

THE STATE OF TEXAS

TRIAL COURT CAUSE NO. C35,612

COUNTY COURT AT LAW OF NAVARRO COUNTY, TEXAS

THE STATE'S BRIEF

Amy L. Cadwell
Assistant Criminal District Attorney
Navarro County, Texas
SBN: 24057435
800 N Main St., Suite 203
Corsicana, Texas 75110
903-654-3045
903-872-6858 (fax)

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

**Honorable Amanda Putman**
Judge of the County Court at Law
800 N Main St., Corsicana, Texas 75110

**MARK HOFF**
Appellant

**Damara H. Watkins**
Trial Counsel, Appellate Counsel
1541 Princeton Drive
Corsicana, Texas 75110

**R. Lowell Thompson**
Criminal District Attorney, Navarro County, Texas
800 N Main St., Suite 203
Corsicana, Texas 75110

**Amy L. Cadwell**
Assistant Criminal District Attorney, Navarro County, Texas
Attorney at Trial, Attorney on Appeal
800 N Main St., Suite 203
Corsicana, Texas 75110

# TABLE OF CONTENTS

STATEMENT OF THE CASE ............................................................................5

THE STATE'S RESPONSE TO ISSUES PRESENTED.......................................6

STATEMENT OF FACTS...............................................................................6

SUMMARY OF THE ARGUMENT.....................................................................7

STATE'S RESPONSE TO APPELLANT'S ISSUES ...........................................7

   I.   The trial court did not err when it denied the motion to suppress. .........7

   II.  There was no error in denying the motion to suppress statement.......... 10

CONCLUSION............................................................................................13

PRAYER ...................................................................................................14

CERTIFICATE OF SERVICE .........................................................................14

CERTIFICATE OF COMPLIANCE....................................................................15

# INDEX OF AUTHORITIES

## Cases

*Alford v. State*, 358 S.W. 3d 647 (Texas Crim. App. 2012) .......................... 10,11,12

*Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000) ................................. 7

*Dixon v. State*, 206 S.W.3d 613 (Tex. Crim. App. 2006) ......................................... 8

*Dorsey v. State*, 940 S.W.2d 169 (Tex. App. –Dallas 1996) ................................. 12

*State v. Duarte*, 389 S.W. 3d 349 (Tex. Crim. App. 2012) ................................... 8,9

## Statutes

TEX. CODE CRIM. PROC. art. 38.22 § 3 (West 2013) .......................................... 10,11

NO. 07-15-00012-CR

IN THE COURT OF APPEALS OF THE STATE OF TEXAS

SEVENTH JUDICIAL DISTRICT

AMARILLO, TEXAS

---

MARK HOFF

V.

THE STATE OF TEXAS

---

TRIAL COURT CAUSE NO. C35,612

COUNTY COURT AT LAW OF NAVARRO COUNTY, TEXAS

THE STATE'S BRIEF

---

Comes now, The State of Texas, by and through the undersigned Assistant Criminal District Attorney of Navarro County, Texas, and files the State's brief in the above-styled and above-numbered cause.

## STATEMENT OF THE CASE

On May 22, 2014, Appellant was indicted for the offense of Tampering with Physical Evidence. Appellant filed a motion to suppress the evidence which was heard by the trial court on September 3, 2014. The trial court denied the motion to suppress the evidence on that same day and Appellant entered a guilty plea on November 20, 2014. After a review of the evidence and following the completion

of a pre-sentence investigation, the trial court sentenced Appellant to seven (7) years confinement in TDCJ-ID; however the court suspended the sentence and placed Appellant on community supervision for a term of ten years. This appeal follows that final judgment.

## THE STATE'S RESPONSE TO ISSUES PRESENTED

### ISSUE ONE
The trial court did not err in denying Appellant motion to suppress the drug evidence.

### ISSUE TWO
The trial did not err in denying Appellant's motion to suppress Appellant's statement.

## STATEMENT OF FACTS

Clint Andrews, an investigator with the Navarro County Sheriff's Department (hereafter NCSO) drug unit, obtained a search warrant for Appellant's residence based on information received by a confidential informant. I RR Exhibit 1. Following the issuance of the warrant, officers with the NCSO executed the warrant and located a baggie with methamphetamine, a pipe and prescription pills. *Id.* at 9. During the search of the house, an officer observed Appellant ingest what they suspected was methamphetamine. *Id.* Sergeant Darrell Waller arrested Appellant and Detective Rickey Ragan informed Appellant of his *Miranda*. I RR at 9-10. Detective Ragan then asked Appellant if he had ingested a narcotic and Appellant confirmed that he had. *Id.* at 11. The statement given by Appellant was

not recorded. *Id.*

## SUMMARY OF THE ARGUMENT

The search warrant affidavit provided sufficient probable cause to issue a warrant because the confidential informant had a successful track record and the information provided was reliable and was corroborated by the officers.

The statement by Appellant was not given during custodial interrogation because the question asked by law enforcement was determine if Appellant medical intervention. Regardless, any error was harmless because the trial court was presented with overwhelming corroborating evidence to convict Appellant of tampering with evidence.

## STATE'S RESPONSE TO APPELLANT'S ISSUES

I. **The trial court did not err in denying Appellant's motion to suppress drug evidence.**

### A. Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court applies a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). The reviewing court gives almost total deference to the trial court's determination of historical facts that depend on credibility, while the appellate court conducts a de novo review of the trial court's application of the law to those facts. *Id.* The review of an affidavit is not reviewed de novo, rather

7

deference is given to the magistrate's determination of probable cause. *State v. Duarte*, 389 S.W. 3d 349, 354-55 (Tex. Crim. App. 2012).

### A. Analysis

The search warrant affidavit in this case provided sufficient probable cause for the magistrate to conclude that a search would uncover evidence of wrongdoing. During the hearing on the matter, the evidence established that the confidential informant was credible and reliable. *See State v. Duarte*, 389, S.W.3d 349, 357-59 (Tex. Crim. App. 2012); *Dixon v. State*, 206 S.W.3d 613, 616-17 (Tex. Crim. App. 2006). In *Dixon*, the Court of Criminal Appeals discussed the reliability of confidential informants and commented that they may be considered reliable if they have a "successful track record." 206 S.W. 3d at 616-617.

The facts of the current case are distinguishable from the facts in *Duarte*, the principal case upon which Appellant relies. In *Duarte*, the affidavit was based almost entirely on hearsay information supplied by a first-time confidential informant. 389 S.W.3d at 355. In that case, the Court of Criminal Appeals discussed the importance of additional information to corroborate the informant's statements. *Id.* Here the affidavit stated that Detective Andrews was assigned to the narcotics division of the NCSO, that the confidential informant had a successful track record with Detective Andrews in the investigation of narcotics cases, the informant had been to Appellant's residence within the 48 hours

8

preceding issuance of the warrant and had seen Appellant in possession of methamphetamine. The affidavit also included the information that other narcotics officers were familiar with Appellant and had knowledge that narcotics, specifically methamphetamine, had been possessed and distributed from this location in the "recent past." Finally, Detective Andrews had prior knowledge of Appellant obtained during his investigation of previous narcotics cases.

A review of the search warrant affidavit in this case clearly rebuts Appellant's argument. The search warrant was not obtained based upon the hearsay information from a previously unknown confidential informant, as was done in *Duarte*. 389 S.W.3d 355. On the contrary, the affidavit specifically provided information that corroborated the informant's statements. Accordingly, the affidavit upon which the search warrant was based provided sufficient probable cause for the magistrate to determine a search would uncover evidence of wrongdoing and, for this reason, the trial court did not err in denying Appellant's motion to suppress.

## B. Conclusion

The search warrant affidavit was sufficient to provide the magistrate with a substantial basis to conclude that a search warrant would uncover evidence of wrongdoing. The confidential informant was credible and reliable. For these reasons, the trial court did not err in denying Appellant's motion to suppress.

## II. The trial court did not err in denying Appellant' motion to suppress his statement.

### A. Standard of Review

The standard of review for Appellant's second issue is the same as that discussed in the first issue. Thus the standard is de novo and the only question is the trial court's application of the law to the facts.

### B. Analysis

Appellant objects to the trial court's decision to deny his motion to suppress his statement because the statement was not recorded. He basis this argument on article 38.22 section 3 of the Texas Code of Criminal Procedure which requires all statements made as a result of a custodial interrogation be recorded. TEX. CODE CRIM. PROC. art. 38.22 § 3 (West 2013). The State agrees the statement made by Appellant was not recorded. However, because the statement was not a result of custodial interrogation, article 38.22 is not applicable. *Id.*

To determine if a statement was a result of custodial interrogation, a court must determine if the statement was made in response to questions that were reasonably likely to elicit incriminating responses. *Alford v. State*, 358 S.W. 3d 647, 650 (Texas Crim. App. 2012). In this case, Detective Rickey Ragan asked Appellant if he had ingested methamphetamine. Appellant sought to have his affirmative response suppressed because he argued the question asked by Detective

10

Ragan was reasonably likely to elicit an incriminating response because an affirmative response would show his culpability in a criminal offense. The State disagrees. This case is analogous to the facts in *Alford*. 358 S.W. 3d at 650. In *Alford*, the defendant was arrested for evading arrest. *Id.* While he was transporting the defendant, the arresting officer observed the defendant squirming around in the backseat. 358 S.W. 3d at 650. The officer searched the backseat of the patrol vehicle when they arrived at the jail and found a flash drive under a plastic bag that contained pills. *Id.* The officer asked the defendant if the flashlight was his and the defendant confirmed it was. *Id.* at 650-51. The officer then analyzed the pills and determined they were a controlled substance and the defendant was subsequently charged with possession of a controlled substance. *Id.* The defendant sought to have his admission to owning the flash drive suppressed because the officer had not complied with the requirements of 38.22. *Id.*; TEX. CODE CRIM. PROC. art. 38.22. The Court of Criminal Appeals determined that the questions asked by the arresting officer in *Alford* were reasonably related to the police's administrative concerns because they served a legitimate administrative need and ruled that the trial court did not err when it denied the motion to suppress. *Alford*, 358 S.W. 3d at 654-59.

The facts at issue in this case are similar to those in *Alford*. During his testimony, Detective Ragan explained that the primary reason for asking Appellant

11

if he ingested methamphetamine was to determine if Appellant needed medical attention. Now, Appellant argues that, because he was not taken to a hospital, the question was asked only to illicit incriminating statements. This argument is hardly convincing. Regardless of the decision made by officers as to whether Appellant received medical attention, the NCSO had a compelling interest to ask questions to determine whether medical intervention was needed. Certainly the State always has a legitimate need to guarantee the safety and protection of persons detained by law enforcement. Based upon this compelling interest, the question asked by Detective Ragan was not designed to illicit an incriminating response but was intended to determine what actions needed to be taken to guarantee the welfare of Appellant.

In Texas, "[e]ven assuming the trial court erred in admitting the unrecorded oral statement, such trial error is subject to a harmless error analysis." *Dorsey v. State*, 940 S.W.2d 169, 177 (Tex. App. –Dallas 1996). In the present case, the court had the potential testimony of multiple deputies and detectives with the NCSO who executed the search warrant. I RR 7. Additionally, the arrest and charge of Appellant for the criminal offense of tampering with evidence was corroborated and supported by the other evidence in the house. The trial court heard that drug paraphernalia, controlled substances, and pills were all recovered from the scene. *Id.* at 9. The search warrant affidavit described that Appellant was

12

known to be a user and distributor of drugs, he had prior contact with the narcotics unit, and that officers observed him make gestures and put something in his mouth. *Id.* at 9-10. Considering the entire body of evidence against Appellant, the State respectfully submits that, even if the trial court erred by not suppressing the statement, the trial court's error was nonetheless harmless.

## C. Conclusion

The trial court did not err in denying Appellant's motion to suppress his statement because the statement was not given during custodial interrogation. The question asked by Detective Ragan was necessary for the State to insure the protection and safety of Appellant. Regardless, even if the trial court erred, such error is harmless because of the quantity of corroborating evidence.

## CONCLUSION

The judgment in this case should be affirmed. The evidence presented to the trial court was sufficient for the magistrate to determine there was probable cause to believe a search would uncover wrongdoing. The confidential informant had a reliable track record and the language of the affidavit was sufficient for a search warrant to be issued. The trial court did not err in denying Appellant's motion to suppress.

The trial court did not err by denying Appellant's motion to suppress his statement. The State has a compelling interest to protect the safety and well-being

13

of persons detained by law enforcement. The question asked was to determine if medical attention was needed by Appellant and, thus, was necessary to accomplish the State's interest. Even if the trial court erred, such error was harmless because the additional evidence supported the conviction.

## PRAYER

For all of the foregoing reasons, The State of Texas prays that this Honorable Court conclude that Appellant's conviction and punishment be in all things affirmed.

Respectfully Submitted,

/S/ Amy L. Cadwell
Amy L. Cadwell
Assistant Criminal District Attorney
SBN: 24057435
Navarro County, Texas
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110
903-654-3045
903-872-6858 (fax)
acadwell@navarrocounty.org

## CERTIFICATE OF SERVICE

I, Amy L. Cadwell, certify that a true and correct copy of the foregoing document has been delivered via email to Appellant's attorney on the 10th day of June 2015.

/S/ Amy L. Cadwell
Amy L. Cadwell

14

# CERTIFICATE OF COMPLIANCE

I, Amy L. Cadwell, certify that the State's Brief is in compliance with Rule

9.4 of the Texas Rules of Appellate Procedure with a word count of 2,391 and

Times New Roman typeface no smaller than 14-point font.


/S/ Amy L. Cadwell
Amy L. Cadwell